**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

GREGORY S. STEVENSON,

Plaintiff,

v.

MARIA E. LANDAU,

Defendant.

Case No. 3:25-CV-00722-ART-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

[ECF Nos. 13, 1-1]

Before the Court is Plaintiff Gregory S. Stevenson's ("Stevenson"), application to proceed *in forma pauperis* (ECF No. 13), and his *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the Court recommends that Stevenson's *in forma pauperis* application, (ECF No. 13), be granted, and his complaint, (ECF No. 1-1), be dismissed for failure to state a claim.

I.      *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1]      This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted).  A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Stevenson cannot pay the filing fee; therefore, the Court recommends that the application be granted.

## II.     SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigant proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)

standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III.    SCREENING OF COMPLAINT

Stevenson filed the complaint in this case on December 9, 2025. (ECF No. 1-1.) The complaint is very brief and lists a single defendant, Maria E. Landau ("Landau"). (*Id.*) For the basis of jurisdiction, Stevenson selects both federal question and diversity of citizenship. (*Id.* at 3.) For federal question jurisdiction, Stevenson states: "[t]he intent to violate State or Federal law (Embezzlement of Federal R&D Funds) 2101 Money Laundering." (*Id.*) In the statement of the case portion of the complaint, Stevenson

appears to allege that Landau grossly misappropriated federal R&D funds by sending them to family members in the United States and in Panama. (*Id.* at 4.) Stevenson alleges this harmed GSE Inc., who Stevenson identifies as his employer in his application to proceed IFP. (ECF No. 1-1 at 4; ECF No. 13 at 1.) Thus, Stevenson appears to allege a single claim for embezzlement.

Based on the allegations in the complaint, the Court does not appear to have jurisdiction over this case. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Moreover, if subject matter jurisdiction is questionable or unclear, the court must raise the issue *sua sponte*. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject matter delineations must be policed by the courts on their own initiative even at the highest level."). Generally, for the court to have original federal subject matter jurisdiction, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.") Alternatively, the Court may exercise supplemental jurisdiction in certain cases. *See* 28 U.S.C. § 1367.

For the Court to have federal question jurisdiction, the complaint must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). Here, the complaint lists embezzlement of funds as the basis for federal question jurisdiction. (ECF No. 1-1 at 3.) Embezzlement is a federal crime under 18 U.S.C. §§ 641-670, which does not provide a private cause of action. *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020) (stating that "[t]he Supreme Court noted that it 'has rarely implied a private right of action under a criminal statute' " (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979))); *Spartan Micro, Inc. v. Dias*, No. 821CV01630JVSKES, 2022 WL 2255710, at

*2 (C.D. Cal. Mar. 24, 2022) (finding that 18 U.S.C. § 670 does not provide private cause of action); *Retanan v. California Department of Corrections and Rehabilitation*, 2012 WL 1833888, at *5 (E.D. Cal. May 18, 2012) (there is no private right of action under the federal embezzlement statute). To the extent Stevenson is attempting to allege a claim for conversion of property, that claim would arise under state law. *Spikes v. Extra Storage Space*, No. 2:14-CV-0796-APG-CWH, 2014 WL 3734476, at *2 (D. Nev. July 29, 2014) ("conversion is a state law claim so no federal question jurisdiction exists".) Accordingly, because there is no "issue of federal law" raised by Stevenson's claim for relief, there can be no federal question jurisdiction over this claim. *Hansen*, 891 F.2d at 1286.

As for diversity jurisdiction, federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). Citizenship is determined by a person's state of domicile, not state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return. *See Lew v. Moss,* 797 F.2d 747, 749 (9th Cir.1986). In this case, even if Stevenson were alleging a state law claim for conversion, there is no diversity of citizenship. The only named parties in this case are Stevenson and Landau. (ECF No. 1-1 at 1-2.) Stevenson lists both himself and Landau as residing in Douglas County, Nevada. (*Id.*) Consequently, the Court does not have diversity jurisdiction over this case because both parties are domiciled in Nevada.

Finally, the Court also finds that it lacks supplemental jurisdiction over the state law claims. Courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(b). Because supplemental jurisdiction requires that the Court have original jurisdiction over at least one *other* claim, even if Stevenson were to raise a state law claim for conversion, the Court may not exercise supplemental jurisdiction over the state law claim.

Thus, the Court lacks subject matter jurisdiction over this case and therefore recommends that Stevenson's complaint be dismissed without prejudice and without leave to amend. *See Cato*, 70 F.3d at 1106 (dismissal without leave to amend is proper where the district court lacks subject matter jurisdiction over the action).

## V.      CONCLUSION

For the reasons articulated above, the Court recommends that Stevenson's application to proceed *in forma pauperis*, (ECF No. 13), be granted, and that Stevenson's complaint, (ECF No. 1-1), be dismissed without prejudice and without leave to amend.

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VI.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Stevenson's application to proceed *in forma pauperis*, (ECF No. 13), be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Stevenson's complaint, (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Stevenson's complaint, (ECF No. 1-1), be **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**.

**DATED**: January 27, 2026 .

_____
**UNITED STATES MAGISTRATE JUDGE**